## (January 25, 1962)

■ MICHIGAN MUTUAL LIABILITY COMPANY, Respondent, v. S. S. SILBER-BLATT, INC., et al., Appellants.—

The complaint is hardly a concise statement of the several causes of action, but its purport is plain enough and defendants should have no difficulty in answering the allegations. Consequently, in the exercise of discretion, the pleading as a whole should not be dismissed pursuant to section 241 (cf. *Dulberg* v. *Mock*, 1 N Y 2d 54; *Gerseta Corp.* v. *Silk Assn. of America*, 220 App. Div. 302, 305, 306). Plaintiff conceded on argument that the first cause of action, treated as one alleging a right to recover in quasi-contract, makes out no case against the individual defendant Shepard S. Silberblatt. Hence, it is dismissed as to him. The second cause of action alleges nothing that is not contained in the first cause of action and a motion to strike it for repetitiveness (as distinguished from insufficiency) might have been granted. But its presence in the complaint does no harm. Consequently, again, in the exercise of discretion, the cause of action may be permitted to stand without the granting of relief under rules 90 or 103 of the Rules of Civil Practice. The third cause of action is obscure and does not plainly state a cause of action. As phrased it depends upon a general allegation of fiduciary duty owed to plaintiff. This is unsound (*Bohlinger* v. *Zanger*, 306 N. Y. 228; cf. *Amend* v. *Hurley*, 293 N. Y. 587, 596). However, because it appears from other facts alleged in the complaint that plaintiff may be able to allege a cause of action based upon a failure to disclose, it should be permitted to replead, if it can, this cause of action. Insofar as defendants attacked disjunctive allegations, their contentions are incorrect. So long as either alternative of the disjunctive allegations would, if proven, fix liability on all the defendants by virtue of the common scheme or plan alleged, there was no vice to be corrected (3 Carmody-Wait, New York Practice, pp. 528–531). Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ J. I. HASS CO., INC., Appellant, v. FRED J. BROTHERTON, INC., Respondent.—

In support of its position defendant general contractor points to a provision of its painting subcontract with plaintiff under which the latter assumed toward defendant, with respect to the painting work, all the obligations and responsibilities which defendant had assumed toward the owner. Since defendant relies essentially upon this provision in opposing plaintiff's motion and in support of its own counterclaim, it is appropriate to note that in our opinion said provision, taken by itself, would not necessarily bar plaintiff's claim or sustain defendant's counterclaim. On the other hand, even if we eliminate from consideration the effect which defendant seeks to give the provision, plaintiff does not satisfactorily show that its performance complied with the remaining requirements of the contract between the parties. A trial is necessary. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.