■ 344 E. 72 LIMITED PARTNERSHIP, Respondent, v JOHN DRAGATT et al., Appellants.—Order, Supreme Court, New York County (William Davis, J.), entered May 22, 1991, which denied the defendants' motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs.

It is axiomatic that on a motion to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]), the court is required to view every allegation of the complaint as true and resolve all inferences in favor of the plaintiff regardless of whether the plaintiff will ultimately prevail on the merits (see generally, Guggenheimer v Ginzburg, 43 NY2d 268, 275).

Here, the cause of action arises from the defendants' alleged intentional failure to disclose that the building purchased by the plaintiff had no connection to the City sewer system, the defendants having sealed the sewer line with concrete, and that the illegal condition could not be discovered by the investigation anticipated in the parties' exculpatory clause (see, Stambovsky v Ackley, 169 AD2d 254; Young v Keith, 112 AD2d 625, 626-627).

We note that defendants have failed to include in either their moving papers or in the record on appeal a copy of the complaint, which as noted by the IAS Court precludes a dismissal herein.

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.