Ndiaye v Cangelosi (2004 NY Slip Op 50362(U))

[*1]

Ndiaye v Cangelosi

2004 NY Slip Op 50362(U)

Decided on March 22, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2004

Supreme Court, Kings County
 BALLA NDIAYE, Plaintiff,
against
PIETRO CANGELOSI AND INTERBORO MUTUAL INSURANCE COMPANY, Defendants.
Index No. 3665/03

For plaintiff: Mahima Joishy Bonnaig & Associates, 277 Broadway Suite 708-710, NY, NY 10007 212-374-1511
For defendant: Jerrold Cohen, 163 Mineola Blvd., Mineola, NY 11501 516-248-1100 ext. 714

Francois A. Rivera, J.
Defendants move pursuant to CPLR § 3211(a)(7) to dismiss plaintiff's complaint and in the alternative to sever plaintiff's breach of contract claim against defendant Interboro Mutual Insurance Company (hereinafter "INTERBORO") from the personal injury claim against defendant Pietro Cangelosi.
On January 30, 2003, plaintiff commenced this action by filing a summons and complaint. Plaintiff thereafter served defendant INTERBORO with an amended summons and complaint and filed these amended pleadings with the court on May 20, 2003. By written stipulation signed on June 20, 2003, plaintiff extended defendant's time to appear or serve an answer until August 18, 2003. Defendant made the instant motion in lieu of answering the complaint.
Plaintiff has brought two causes of action. The first cause of action is a personal injury claim against defendant Pietro Cangelosi and the second cause of action is a breach of contract claim against INTERBORO. On January 30, 2004, in Part 52 of this court, plaintiff, during oral argument on the motion, consented to the severance of the breach of contract claim from the personal injury claim.
Plaintiff's personal injury claim is that on February 1, 2001, at approximately 9:00 a.m., while crossing the street intersection of New Jersey and Liberty Avenue, she was hit by a car operated by defendant Cangelosi. She alleges that the street in question was controlled by a traffic device and that she was proceeding in the street with a walk signal in her favor. Plaintiff's pleadings for this cause of action were contained in plain and concise statements expressed in forty-four consecutively numbered paragraphs.
Defendant alleges, in pertinent part, that the personal injury complaint does not comply with CPLR § 3013 and §3014 and contains inappropriate language which compels dismissal. The gravamen of defendant's contention is that the pleadings contain unnecessary evidentiary references that are prejudicial and more appropriately placed in a response to a bill of particulars.
A motion to dismiss a complaint pursuant to CPLR §3211(a)(7) is a request for an [*2]accelerated judgment on the basis that the pleadings fail to state a cause of action. It is axiomatic that in the context of a CPLR § 3211(a) motion, the pleadings are to be afforded a liberal construction. Furthermore, the court must accept the facts alleged in the complaint as true and accord the plaintiff the benefit of every possible inference (Gushen v. Mutual Life Ins. Co. of New York 98 N.Y.2d 314 [2002]), see also (McGee v. City of Rensselear 174 Misc.2d 491 [1997]). In determining a motion pursuant to CPLR §3211(a)(7), the court must also determine whether the facts as alleged fit within any cognizable legal theory (Leon v. Martinez 84 N.Y.2d 83 at 88-89 [1994]), see also (Collins. v. Telcoa Intern. Corp. 283 A.D.2d 128 [2nd Dept. 2001]).
 CPLR§ 3013 provides that statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.
CPLR§ 3014 provides, in pertinent part, that every pleading shall consist of plain and concise statements in consecutively numbered paragraphs. It further provides that each paragraph shall contain, as far as practicable, a single allegation.
As a general rule, the assignment of separately numbered paragraphs to each factual allegation aid clarity and facilitates responsive pleadings. However, this numbering requirement is governed by the practicable standard. If presentation is facilitated by including a few facts in a single paragraph, it is permissible. See Siegel's New York Practice section 212.
The court finds no contravention of CPLR §3013 and §3014 in plaintiff's personal injury complaint. While plaintiff did indeed, in a few instances, allege more than one fact in a paragraph, it did nothing to impede comprehension of her claim. Thus plaintiff's alleged failure to comply with the aforementioned CPLR provisions does not support the motion to dismiss the complaint. Furthermore, the court has reviewed the allegation of the complaint and finds that the purport of the pleadings is plain and defendant would have no difficulty in answering the allegations (Michigan Mutual Liability Co. v. S. S. Silverblatt Inc. 15 A.D.2d 649 [1st Dept. 1962]). The court further finds that the allegations of facts accepted as true support a tort claim of negligence against the defendant Congelosi based on his striking of the plaintiff with his vehicle.
Defendant's motion to dismiss the complaint is denied in its entirety. The foregoing constitutes the decision and order of this court.
x J.S.C.

Decision Date: March 22, 2004