Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered September 12, 2013, which denied defendant’s motion to dismiss the complaint, unanimously modified, on the law, to grant the motion as to the fraudulent inducement and conversion causes of action, and otherwise affirmed, without costs.
Plaintiffs’ failure to limit each paragraph in the complaint to a single allegation (see CPLR 3014) does not mandate dismissal since the purport of the complaint is plain, and defendant will have no difficulty answering the allegations (see Michigan Mut. Liab. Co. v S.S. Silberblatt, Inc., 15 AD2d 649 [1st Dept 1962]).
Plaintiffs allege that in the monthly reports, generated after the Operating Agreement was entered into, defendant misrepresented that the business venture had been profitable and that *524 plaintiffs had been earning positive returns on their investment; that defendant in fact did not invest the funds as promised; and that they relied on the monthly reports in continuing their investment in the company. These allegations state a cause of action for fraud (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). The disclaimers set forth in each monthly report do not preclude a finding of justifiable reliance since the alleged misrepresentations in the reports concerned facts peculiarly within defendant’s knowledge (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 137 [1st Dept 2014]).
However, the complaint fails to state a cause of action for fraudulent inducement, since it essentially alleges that defendant did not intend to perform under the contract when he made the promissory statements, which gives rise only to a breach of contract claim (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318 [1995]; First Bank of Ams. v Motor Car Funding, 257 AD2d 287, 291-292 [1st Dept 1999]; Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 118-119 [1st Dept 1998]). The conversion claim should be dismissed because it is merely restates the breach of contract claim (see Kopel v Bandwidth Tech. Corp., 56 AD3d 320 [1st Dept 2008]).
Concur— Tom, J.E, Acosta, Moskowitz, Gische and Clark, JJ.