■ TINA M. PIETROSANTO, Respondent, v NYNEX CORPORA-TION, Appellant. [600 NYS2d 802] —Mercure, J. Appeal from an order of the Supreme Court (Spain, J.), entered November 17, 1992 in Albany County, which, *inter alia,* denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff commenced this action to recover for defendant's alleged breach of a contract to provide plaintiff's two businesses, a dance academy and an advertising agency, with telephone directory listings. Specifically, the complaint alleges that defendant failed to list the dance academy under the "NYNEX Yellow pages" listing for "DANCING INSTRUCTION", failed to list the advertising agency and erroneously listed the dance academy under the listing for "ADVERTISING AGENCIES & COUNSELORS", and erroneously listed the advertising agency in the "NYNEX White pages" with the telephone number of the dance studio.

Prior to service of an answer, defendant moved to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]). In support of the motion, defendant submitted, among other things, the affidavit of William White, an assistant secretary of defendant, who states that defendant is a holding company which offers no goods or services to the public and is entirely separate from its subsidiaries, New York Telephone Company, the franchised telephone company servicing plaintiff, and NYNEX Information Resources Company. White further states that New York Telephone provides customers with telephone listings pursuant to tariffs filed with and approved by the Public Service Commission, that, in the absence of gross negligence or willful misconduct a customer may not claim damages for errors, mistakes or omissions in telephone listings, and that the customer is merely entitled to the credit allowed under the tariffs. The motion was also supported by applicable pages of the Public Service Commission tariffs and copies of certain of plaintiff's telephone bills, intended to show that she received the credits prescribed by the tariffs. Supreme Court denied defendant's motion upon the ground that, "although [defendant] has stated possible defenses it has failed to establish that the complaint 'fails to state a cause of action' ". Defendant appeals.

We affirm. Although, in view of the apparent merit of the defenses to the action, Supreme Court would have been well advised to notify the parties of its intention to treat the motion as one for summary judgment pursuant to CPLR 3211

(c), in the absence of such a conversion Supreme Court was not entitled to consider White's affidavit "for the purpose of determining whether there is evidentiary support for the [complaint]" *(Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *see, Rotanelli v Madden,* 172 AD2d 815, *lv denied* 79 NY2d 754; *Mihalko v Blood,* 86 AD2d 723). As correctly contended by plaintiff, "where a motion to dismiss is not converted to a summary judgment motion, as here, affidavits may be received for the limited purpose of remedying defects in the complaint and, thus, to preserve inartfully pleaded but potentially meritorious claims" *(Rotanelli v Madden, supra,* at 816). Finally, we reject the contention that the complaint is not facially sufficient.

Mikoll, J. P., Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.