Jennifer Lynn ROMEA, Plaintiff,

v.

HEIBERGER & ASSOCIATES,
Defendant.

No. 97 CIV. 4681 LAK.

United States District Court,
S.D. New York.

Dec. 22, 1997.

Colleen F. McGuire, New York, NY, for Plaintiff.

Janice J. DiGennaro, Rivkin, Radler & Kremer, Uniondale, NY, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This motion presents the question, among others, whether a notice demanding, in the

alternative, payment of rent arrearage or surrender of rented premises to the landlord, is a "communication" for the purpose of collecting a "debt" within the meaning of the Fair Debt Collection Practices Act ("FDCPA").[1]

### Facts

Plaintiff rented an apartment on the east side of Manhattan from 442 3rd Ave. Realty LLC for $700 per month. On or about December 26, 1996, defendant's predecessor in interest issued and sent to plaintiff a three day notice which, in a form familiar to New York real estate practitioners, stated:

> "PLEASE TAKE NOTICE that you are hereby required to pay to 442 3rd Ave. Realty LLC landlord of the above described premises, the sum of $2,800.00 for rent of the premises 700.00/Dec 96 700.00/Nov 96 700.00/Oct 96 700.00/Sep 96"

> "You are required to pay within three days from the day of service of this notice, or to give up possession of the premises to the landlord. If you fail to pay or give up the premises, the landlord will commence summary proceedings against you to recover possession of the premises."

Defendant is a law firm that is said regularly to attempt to collect debts owed to this and other landlords. The notice, which in form complied with the statutory prerequisites to the institution of summary dispossess proceedings under New York law,[2] allegedly violated the FDCPA because it is said to have (a) failed to disclose clearly that defendant was attempting to collect a debt and that any information obtained would be used for that purpose,[3] (b) contained threats to take actions that could not legally, or were not intended to, be taken,[4] and (c) omitted notice of the required thirty day validation period.[5]

Defendant moves to dismiss the complaint on the ground that it fails to state a claim upon which relief may be granted.

### Discussion

*The Unpaid Rent Is a "Debt" Under the FDCPA*

■ Defendant argues first that the unpaid rent which was the subject of the disputed notice was not a "debt" covered by the FDCPA because the obligation was incurred in a transaction that did not involve the extension of credit. It relies principally on the Third Circuit's decision in *Zimmerman v. HBO Affiliate Group.*[6]

*Zimmerman* presented the question whether a demand by a cable television service provider that persons whom it claimed had pirated its signal pay a sum of money to settle claims for theft of services was an effort to collect a debt within the meaning of the statute. In concluding that it was not, the court focused on the fact that there was no consensual relationship between the cable provider and the recipients of the letter. It went on, however, to:

> "find that the type of transaction which may give rise to a 'debt' as defined in the FDCPA, is ... one involving the offer or extension of credit to a consumer. Specifically it is a transaction in which a consumer is offered or extended the right to acquire 'money, property, insurance or services' which are 'primarily for household purposes' *and to defer payment.*"[7]

Defendant's argument here is that rent is paid in advance, that the transaction between landlord and tenant therefore involves no deferral of payment or extension of credit, and that the rent arrearage that was the subject of the notice in this case therefore did not involve "debt" collection. But defen-

1. 15 U.S.C. § 1692 *et seq.*

2. N.Y. REAL PROP. ACTIONS & PROC. L. Art. 7 (McKinney 1979) ("RPAPL").

3. 15 U.S.C. § 1692e(11).

4. *Id.* § 1692e(5).

5. *Id.* § 1692g (consumer must be advised, *inter alia,* that the debt will be assumed valid unless disputed in writing within thirty days).

6. 834 F.2d 1163 (3d Cir.1987).

7. *Id.* at 1168–69 (emphasis supplied).

dant's argument cannot be squared with the language or history of the statute.

The FDCPA defines "debt" as:

"Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment."[8]

Thus, the plain language of the statute clearly embraces consumer obligations to pay money arising out of the relevant class of transactions without regard to whether the underlying transactions involve the extension of credit or the deferral of payment. Moreover, the legislative history—resort to which is unnecessary and arguably inappropriate in the face of such clear statutory language—confirms what the language suggests. In enacting the FDCPA, Congress dropped proposed statutory language which, if adopted, would have limited the statute to debts arising from transactions involving extensions of credit in favor of the broader language quoted above.[9]

The view that the debts covered by the FDCPA extend beyond those arising from transactions involving deferral of payment reflects the conclusions of a majority of the Courts of Appeals to have considered the issue. In *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*,[10] for example, the Seventh Circuit relied upon the language of the statute and the legislative history referred to above to reject *Zimmerman* and hold that an obligation arising from the issuance of a dishonest check constitutes a "debt" under the FDCPA notwithstanding the lack of any extension of credit.[11]

This Court is entirely persuaded by the Seventh Circuit's reasoning in *Bass*. It therefore holds that the Section 711 notice in this case related to a "debt" within the meaning of the FDCPA.

*The Notice Was a Communication to Collect a Debt Under the FDCPA*

■ Defendant argues also that the Section 711 notice was not a communication to collect a debt within the meaning of the statute. Section 1692a(11) defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."[12]. In view of the fact that the Section 711 notice demanded payment on pain of the commencement of eviction proceedings, there is no colorable argument that it does not satisfy the FDCPA's sweeping definition of "communication."

■ The only remaining question is whether there is any proper basis for deviating from the plain meaning of this unambiguous language. There is not. Defendant points to the 1988 Federal Trade Commission ("FTC") staff commentaries on the FDCPA,[13] which purport to exclude from FDCPA coverage "a notice that is required by law as a prerequisite to enforcing a contractual obligation between creditor and debtor, by judicial or nonjudicial legal process."[14] Clearly, the Section 711 notice falls within this language. As sensible as such an exclusion may be, however, it cannot be adopted by this Court.

In *Heintz v. Jenkins*,[15] the Supreme Court refused to defer to the FTC commentaries.[16] *Heintz* addressed the FTC's purported ex-

---

**8.** 15 U.S.C. § 1692(a)(5).

**9.** *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1327 (7th Cir.1997).

**10.** *Id.*

**11.** *Accord, Brown v. Budget Rent–A–Car Systems, Inc.*, 119 F.3d 922, 924 (11th Cir.1997) ("[e]xtension of credit is not a prerequisite to the existence of a debt covered by the FDCPA"); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir.1997) (same).

**12.** *Id.* § 1692a(11).

**13.** Def. Mem. at 9. *See* Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collections Act, 53 Fed.Reg. 50,097 *et seq.*

**14.** *Id.* at 50,101.

**15.** 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

**16.** *Id.* at 298, 115 S.Ct. at 1492–93.

clusion from FDCPA coverage of attorneys engaged in "legal activities" as opposed to those engaged in "debt collection activities." [17] Rejecting this exclusion, the Supreme Court noted that the commentaries themselves state that they are "not binding on the Commission or the public." [18] Further, the Court noted that there is

> "nothing either in the Act or elsewhere indicating that Congress intended to authorize the FTC to create this exception from the Act's coverage—an exception that, for the reasons we have set forth above, falls outside the range of reasonable interpretations of the Act's express language." [19]

The present case falls squarely within the reasoning of *Heintz*. In light of the unambiguous definition of "communication" and the lack of any indication that Congress intended to authorize the FTC to create an exception to that definition for notices such as the Section 711 notice, this Court is compelled to the conclusion that the Section 711 notice constituted a "communication" covered by the FDCPA.

 Defendant also argues that since the Section 711 notice is required by New York law, it should be excluded from the FDCPA's scope in light of Congress' purpose not to interfere with creditors' judicial remedies. [20] Section 711, subd. 2, of the RPAPL provides in substance that a special proceeding to recover real property on the ground that the tenant has defaulted in the payment of rent may be maintained only, insofar as is relevant here, if "a demand of the rent has been made, or at least three days' notice in writing requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served ..." The notice therefore is a precondition to the commencement of a non-payment proceeding, not part of the proceeding itself. [21]

It is not without some discomfort that the Court reaches this conclusion. The broad language of the FDCPA's definition of "communication" will have a significant effect on New York's statutory scheme for the fair and efficient resolution of landlord-tenant rent disputes. There is nothing to indicate that such was the intent of Congress in enacting the FDCPA, a statute designed to protect debtors from fraudulent and abusive debt collection practices. [22] However, the capacious and unambiguous nature of the statutory definition of "communication" affords no basis to carve out an exception to the statute's applicability.

*Conclusion*

For the foregoing reasons, the defendant's motion to dismiss the complaint is denied.

SO ORDERED.

---

17. 53 Fed.Reg. 50, 097, 50, 100 (1988).

18. 514 U.S. at 298, 115 S.Ct. at 1492–93.

19. *Id.*

20. *Id.* at 296, 115 S.Ct. at 1491–92 (noting Congress' "apparent objective of preserving creditors' judicial remedies").

21. *See, e.g., Brusco v. Braun,* 84 N.Y.2d 674, 681, 621 N.Y.S.2d 291, 294, 645 N.E.2d 724 (1994) (notice "predicate to commencement of the proceeding").

22. 15 U.S.C. § 1692