*526 OPINION OF THE COURT
Ruben A. Martino, J.
The instant summary nonpayment proceeding was settled by stipulations dated October 22, 1997, and January 28, 1998. By motion returnable March 26, 1998, petitioner moved to restore the proceeding to the calendar for a final judgment of $7,939.78, which the court granted after oral argument. On May 11, 1998 a warrant was issued to the marshall. During this entire period the respondent appeared pro se.
Respondent was finally successful in obtaining ah attorney from Northern Manhattan Improvement Corp. Legal Services, and now moves by order to show cause dated June 2, 1998 to vacate the judgment and stipulations, and for dismissal of the proceeding based upon: (a) rent demand is defective because it violates the Federal Debt Collection Practices Act (FDCPA; 15 USC § 1692g), (b) failure to maintain a proper/current multiple dwelling registration (MDR), (c) section 143-b of the Social Services Law (also known as the Spiegel Act), and (d) respondent’s lack of representation. In the opposition papers dated June 15, 1998, petitioner opposes said order to show cause by asserting: (1) by signing the stipulations, respondent waived any defective rent demand claim, (2) the petitioner now has a proper MDR, (3) the Spiegel Act is inapplicable, and (4) granting the relief requested by respondent would greatly prejudice petitioner. For the following reasons, respondent’s motion is granted and the proceeding dismissed.
Although stipulations are highly regarded by the courts and not lightly cast aside (City of New York v Hicks, NYLJ, Feb. 3, 1992, at 24, col 4 [App Term, 1st Dept]), the court may do so in appropriate cases upon a showing of good cause. (Matter of Frutiger, 29 NY2d 143 [1971]; Cabbad v Melendez, 81 AD2d 626 [2d Dept 1981].) This is especially true where, as here, there is an unsophisticated tenant not represented by counsel and completely unaware of defenses available to them. (144 Woodruff Corp. v Lacrete, 154 Misc 2d 301 [Civ Ct, Kings County 1992].) Upon review of the papers, respondent does have good cause in that he could have raised the following valid defenses: (a) Spiegel Act, and (b) invalid rent demand. Although respondent also asserts that petitioner’s failure to name the current agent on the MDR bars recovery of the rent demanded in the petition, petitioner has now provided the court with a certified copy of a correct MDR. Once petitioner complied with the necessary registration requirements, he is *527 entitled to recover said rental arrears. (128 E. 83rd St. Co. v Kagan, NYLJ, Oct. 6, 1987, at 14, col 1 [App Term, 1st Dept].) In addition, respondent’s mere pro se status in and of itself is insufficient to vacate a stipulation. (Simkowitz v Stewart, NYLJ, Jan. 30, 1990, at 21, col 5 [App Term, 1st Dept].)
In support of their Spiegel defense, respondent attaches a copy of a printout from the Department of Housing Preservation and Development (HPD) showing violations on record for the arrears period, and a letter dated October 14, 1997 from HPD to the Human Resource Administration confirming the notification of outstanding violations. The Spiegel Act operates as a complete defense to a nonpayment proceeding, and once invoked the proceeding is stayed until the repairs are completed. (Scherer, Residential Landlord-Tenant Law in New York § 12:124 [1997]; see also, Matter of Schaeffer v Montes, 37 Misc 2d 722 [Civ Ct, Bronx County 1962].) Additionally, where a landlord in a summary nonpayment proceeding relies upon a written rent demand made by its attorney, the demand is subject to the 30-day validation period of the Federal Fair Debt Collection Practices Act. (15 USC § 1692g; see also, Romea v Heiberger & Assocs., 988 F Supp 712 [SD NY]; Hariston v Whethon, 1998 WL 35112 [SD NY, Jan. 30, 1998, Martin, J.].) Petitioner erroneously relies upon Anastasia v Schwartz (Civ Ct, NY County, May 13, 1998, L&T index No. 102568/96) in support of his position that respondent waived any FDCPA claim. However, unlike here, the parties in Anastasia were both represented by attorneys throughout the proceeding and the Statute of Limitations (15 USC § 1692k [d]) had lapsed. (Supra.) Therefore, because the respondent herein was unaware of the aforementioned defenses, the stipulations and judgment are vacated. Moreover, since the rent demand failed to comply with the FDCPA, it is ineffective as a jurisdictional predicate to the commencement of the instant proceeding and necessitates dismissal. (Soho Tribeca Space Corp. v Mills, NYLJ, May 13, 1998, at 28, col 6 [Civ Ct, NY County].)