OPINION OF THE COURT
Rolando T. Acosta, J.
In this summary proceeding, respondent tenant moves for, inter alia, an order vacating the final judgment and warrant of eviction, dismissing the petition, and restoring respondent to possession of the subject premises, on the ground that the five-day rent demand notice which served as a predicate for the *82 nonpayment petition violates the Fair Debt Collection Practices Act (15 USC § 1692 et seq. [FDCPA]). The motion requires the court to resolve a significant issue in the field of landlord and tenant law: whether a written rent demand which violates provisions of the FDCPA may nevertheless serve as an adequate predicate for a nonpayment proceeding.
Contentions of the Parties
After being evicted from her rent-stabilized apartment, respondent tenant moved for an order dismissing the petition and restoring her to possession. Relying upon several recent Federal cases, respondent argues that dismissal of the petition is warranted because, inter alia,[1] the written rent demand did not inform the respondent that the demand was an attempt to collect a debt or that respondent had the right to dispute the validity of the debt within 30 days (the so-called “validation” notice), as required by the FDCPA.
Petitioner does not dispute that the foregoing notices were not contained in the five-day rent demand notice and that the demand was signed by petitioner’s counsel. Furthermore, petitioner’s counsel conceded at oral argument on the motion that at the time the rent demand was served, he regularly signed such demand notices which he sent to tenants on behalf of landlords.
Petitioner argues nevertheless that the rent demand notice does not violate the FDCPA because in this particular case the landlord-creditor, by typing its name above the title “landlord”, also signed the rent demand notice. Petitioner claims that the rent demand notice was therefore not a communication from a “debt collector” but instead was a communication from the actual creditor — who concededly does not need to comply with the provisions of the FDCPA.
Furthermore, petitioner argues that even if the rent demand notice violated the FDCPA, dismissal would not be an appropriate remedy in this case because a ruling which effectively *83 invalidates rent demand notices signed by attorneys would cause “complete chaos and anarchy in the courts.” Finally, petitioner claims that the motion should be denied inasmuch as the rent demand was served on the same date as the date of the Federal decision which concededly held that a rent demand notice served pursuant to RPAPL 711 (2) is subject to the provisions of the FDCPA.
Discussion
The FDCPA provides that when a debt collector communicates with a debtor, the debt collector must inform the debtor that it “is attempting to collect a debt and that any information obtained will be used for that purpose”. (15 USC § 1692e [11].) The debt collector must also notify the debtor in writing that should the debtor fail to “dispute * * * the validity of the debt” within 30 days, “the debt will be assumed to be valid by the debt collector”. (15 USC § 1692g [a] [3].) The latter notice is known as a “validation” notice. A debt collector’s failure to comply with the foregoing provisions constitutes a violation of the FDCPA.
The notice provisions of the FDCPA do not apply, however, where the creditor himselfZherself directly attempts to collect the debt. Only “debt collectors” — the abusive practices of whom the Act was designed to eliminate (see, 15 USC § 1692 [congressional findings and declaration of purpose]) — are subject to the various restraints imposed by the FDCPA. (See, 15 USC § 1692a [6].)
Nevertheless, it is now well settled that an attorney who, acting on behalf of a creditor, regularly engages in consumer debt collection activities through litigation is a “debt collector” under the FDCPA. (Heintz v Jenkins, 514 US 291 [1995].) Furthermore, several recent Federal cases have now expressly held what the Second Circuit in Emanuel v American Credit Exch. (870 F2d 805 [2d Cir 1989]) had long assumed — that unpaid “rent” is a “debt”, as that term is defined in 15 USC § 1692a (5) of the FDCPA. (See, Romea v Heiberger & Assocs., 988 F Supp 712 [SD NY 1997]; Hairston v Whitehorn & Delman, 1998 WL 35112 [SD NY, Jan. 30, 1998, Martin, J.]; Travieso v Gutman, Mintz, Baker & Sonnenfeldt, 1995 WL 704778 [ED NY, Nov. 16, 1995, Weinstein, J.]; see also, Soho Tribeca Space Corp. v Mills, NYLJ, May 13, 1998, at 28, col 6 [Civ Ct, NY County].)
In Romea (supra), the court held that a written rent demand notice which was served pursuant to New York’s RPAPL 711 *84 (2) and signed by an attorney who regularly engages in consumer debt collection activities is a communication for the purpose of collecting a debt within the meaning of the FDCPA and thus must comply with the provisions therein. The court squarely rejected the attorney-debt collector’s argument in Romea that it was somehow immune from violating the 30-day validation notice requirement by virtue of RPAPL 711 (2), which, contrary to the 30-day validation notice, permits the commencement of litigation within three days of the service of the rent demand notice. (See also, Hairston v Whitehorn & Delman, supra; Travieso v Gutman, Mintz, Baker & Sonnenfeldt, supra.)
Such immunity from liability cannot be inferred from the State statutory scheme because 15 USC § 1692n expressly provides that the provisions of the FDCPA “do[ ] not annul, alter, or affect * * * the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter” (emphasis added; see also, Hairston v Whitehorn & Delman, supra; Soho Tribeca Space Corp. v Mills, supra). Thus, to the extent that RPAPL 711 (2) is “inconsistent” with the FDCPA, the State law is thereby preempted.
Applying the aforementioned principles to the facts here, it is clear that the unpaid rent demanded in this case is a “debt” subject to the restraints imposed by the FDCPA. Nor is there any question that the five-day rent demand notice was sent by an attorney-debt collector who regularly engages in consumer debt collection activities through litigation, inasmuch as petitioner’s counsel conceded at oral argument that at the time the rent demand was served, he regularly signed such demand notices which he sent to tenant-debtors.[2] Finally, it is undisputed that the written rent demand did not inform the respondent that the demand was an attempt to collect a debt or that respondent had the right to dispute the validity of the debt within 30 days (the so-called “validation” notice).
In light of the foregoing, the court finds, as a preliminary matter, that the five-day rent demand notice served in this case violates the FDCPA. Petitioner’s argument that the provisions of the FDCPA do not apply because the rent demand no *85 tice, aside from being signed by the attorney, was also signed (in typewritten form) by the actual creditor, is unavailing.
Although the FDCPA does not apply to the debt collection efforts of an actual creditor (as opposed to a debt collector) (see, 15 USC § 1692a [6] [A]), the provisions do apply where, as here, a creditor “in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.” (15 USC § 1692a [6].) Thus, even if the court assumes, pursuant to General Construction Law § 46, that the typewritten name of the landlord-creditor on the rent demand notice may properly serve as a signature for the person/entity named, the court would find that the provisions of the FDCPA still apply because the landlord-creditor also “use[d] [a] name other than [its] own” (i.e., the name of its attorney), which the court finds would have indicated to the tenant-debtor “that a third person is collecting or attempting to collect such debts.” (15 USC § 1692a [6].)
Indeed, in this case the only address and handwritten signature which appear on the rent demand notice is that of the attorney-debt collector. Under these circumstances, respondent, as a “least sophisticated consumer,”[3] could have only believed that the rent demand notice was sent not by the landlord, but by the landlord’s attorney. Thus, it is clear to the court that the provisions of the FDCPA apply and that they were violated by the rent demand notice which was served in this case.
The more difficult question for the court is whether the written rent demand notice which violates provisions of the FD-CPA may nevertheless serve as an adequate predicate for this nonpayment proceeding. At least one court (Judge Martino) has already addressed this question and has concluded that such a rent demand is defective and thus may not serve as an adequate predicate. (Soho Tribeca Space Corp. v Mills, NYLJ, May 13, 1998, at 28, col 6 [Civ Ct, NY County], supra.)
When a State court is required to apply or interpret a Federal statute, such as the FDCPA, the State court is bound to apply the statute in accordance with the rule established by the Supreme Court and with the rule established by the lower *86 Federal courts if those courts are in agreement. (See, 423 S. Salina St. v City of Syracuse, 68 NY2d 474, 489 [1986]; Flanagan v Prudential-Bache Sec., 67 NY2d 500, 506 [1986].) Here, the Supreme Court has held that the FDCPA applies to the “communication” of attorneys who, acting on behalf of a creditor, regularly engage in consumer debt collection activities through litigation (Heintz v Jenkins, 514 US 291, supra), and there is no disagreement in the Federal courts regarding the applicability of the FDCPA to attorney-signed rent demand notices served pursuant to RPAPL 711 (2). (See, Romea v Heiberger & Assocs., 988 F Supp 712 [SD NY 1997], supra; Hairston v Whitehorn & Delman, 1998 WL 35112 [SD NY], supra; Travieso v Gutman, Mints, Baker & Sonnenfeldt, 1995 WL 704778 [ED NY], supra.) Nor is there any doubt that the FDCPA preempts RPAPL 711 (2), as the Federal statute expressly provides. (15 USC § 1692n.)
Inasmuch as this court is bound by the holdings in Romea, Hairston and Travieso (supra), and by the operative effect of 15 USC § 1692n, which expressly provides that the FD-CPA preempts any “inconsistent” State law, this court is constrained to hold that an attorney-signed rent demand notice which violates provisions of the FDCPA may not serve as an adequate predicate for this nonpayment proceeding.[4]
There is simply no getting around the fact that RPAPL 711 (2), which permits the commencement of litigation within three days of the service of the rent demand notice, is directly inconsistent with 15 USC § 1692g (a) (3), which requires that the debt collector notify the debtor in writing that the debtor has 30 days to “dispute * * * the validity of the debt”. Nor is RPAPL 711 (2) consistent with 15 USC § 1692e (11), which requires that when a debt collector communicates with a debtor the debt collector must inform the debtor that it “is attempting to collect a debt and that any information obtained will be used for that purpose”. Given the obvious inconsistency between the State and Federal statutes, the State statute is effectively “supersede [d]” by the FDCPA, as the court explained in Hairston v Whitehorn & Delman (1998 WL 35112, 3 [SD NY], supra; see, 15 USC § 1692n; see also, US Const, art VI, cl 2; *87 City of New York v Federal Communications Commn., 486 US 57 [1988]).
Thus, when a landlord decides to use a debt collector (i.e., an attorney) to collect unpaid rent from a tenant-debtor, the debt collector, in serving the written rent demand notice alternatively required by RPAPL 711 (2), must fully comply with the superseding provisions of the FDCPA. Because a proper rent demand is a necessary prerequisite to the commencement of a nonpayment summary proceeding (Matter of Salvatore & Catherine Pepe v Miller & Miller Consulting Actuaries, 221 AD2d 545 [2d Dept 1995]; 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 32:13, at 512 [3d ed]), the failure to serve a proper rent demand (i.e., one which complies with the FDCPA) requires dismissal of the petition without prejudice.
The Federal Legislature has determined, based upon “abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors” (15 USC § 1692 [a] [congressional findings and declaration of purpose]), that once a creditor enlists the services of a debt collector, the debtor’s consumer rights are enhanced and certain protections are triggered. Although the Legislature, in enacting the FD-CPA, could not have specifically contemplated the Act’s “conflict” (Hairston v Whitehorn & Delman, supra) with the comprehensive statutory scheme adopted in New York to resolve landlord-tenant disputes, this court is unquestionably bound by the Federal decisions applying the FDCPA’s provisions to written rent demand notices sent to tenants by debt-collecting attorneys. Those decisions were properly based not upon legislative intent but upon the plain meaning of the terms used in the Federal statute.
Significantly, the court’s decision herein would not in any way lead to the type of “complete chaos and anarchy in the courts” envisioned by petitioner. First, and most importantly, the provisions of the FDCPA apply only when it can be said that the written rent demand was signed and sent by the landlord’s debt-collecting attorney. Landlords can easily avoid the effect of this court’s decision and the provisions of the FD-CPA generally, by the simple expedient of signing the written rent demands themselves, or even better, by “personally” demanding the rent consistent with RPAPL 711 (2). To be sure, the protections of the FDCPA are triggered only when the landlord enlists the services of a debt-collecting attorney to collect the debt from the tenant. (See, Hairston v Whitehorn & *88 Delman, 1998 WL 35112, 3 [SD NY], supra [the “conflict” between the RPAPL and the FDCPA “can be avoided if the landlord herself signs and sends these (rent demand) letters to the tenants, as permitted under RPAPL”].)
Second, a written rent demand signed by a landlord’s attorney does not, on its face, fail to comply with the FDCPA. A written rent demand may be rendered defective under the FD-CPA only when respondent submits supporting proof that the attorney who signed the demand regularly engages in consumer debt collection activities through litigation — facts which can only be found upon a motion by respondent or after an inquiry by the court. (See, Heintz v Jenkins, 514 US 291, 299, supra.) In other words, a written rent demand is not rendered defective per se by the simple fact that it may have been signed by an attorney. Proof of more facts is required.
Thus, petitioner’s concern that this court’s decision would effectively render vulnerable any eviction proceeding in which an attorney-signed rent demand served as the predicate for the nonpayment petition is clearly unwarranted. Nor are courts free to deny an application for a warrant of eviction on the unelaborated ground that the rent demand is signed by an attorney.
Petitioner’s final argument — that Romea (supra) should not be applied retroactively — is clearly specious. Aside from the conceded fact that Romea was decided on the very day that the attorney-signed rent demand was allegedly served, the court in Romea was interpreting a Federal statute which took effect well before the date of the written rent demand in this case. Statutes are generally presumed to operate prospectively from the date of the statute’s effective date (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [c]), and petitioner here has failed to set forth any reason at all for disregarding that presumption in this case. Furthermore, Romea was not the first case to decide that “rent” is a “debt” subject to the provisions in the FDCPA (see, Emanuel v American Credit Exch., 870 F2d 805 [2d Cir 1989], supra) or that an attorney may be a “debt collector” (see, Heintz v Jenkins, supra, 514 US, at 299). Under these circumstances, Romea’s straightforward application of the FDCPA, to an attorney-signed rent demand served pursuant to RPAPL, cannot be applied prospectively only.
Accordingly, respondent’s motion for an order vacating the final judgment and warrant of eviction, dismissing the petition, granting the issuance of a warrant of eviction against Mrs. Al-cine Magustin, and restoring respondent to possession of the *89 subject premises is granted to the extent that the final judgment and warrant of eviction, dated April 24, 1998, are hereby vacated, the petition is dismissed, and respondent is restored to possession of the subject premises forthwith. Respondent’s motion for an order issuing a warrant of eviction against Mrs. Alcine Magustin is denied inasmuch as that third party is not currently in possession of the subject premises and the lease between her and the landlord is now unenforceable in light of the court’s ruling herein.

. Respondent also moved to dismiss the petition on the ground that (a) she had not been properly served with the petition and the written rent demand, and (b) the rent demand was defective because it was signed by the landlord’s attorney without any accompanying indication that the attorney was authorized to act as the landlord’s agent (see, Siegel v Kentucky Fried Chicken, 108 AD2d 218 [2d Dept 1985], affd 67 NY2d 792 [1986]). After holding a traverse hearing, the court denied that portion of respondent’s motion which sought dismissal on lack-of-personal-jurisdiction grounds. There is no need to address the merits of respondent’s Kentucky Fried Chicken argument in light of the court’s disposition of the remainder of respondent’s claims.

. Petitioner’s counsel’s claim, even if credited by the court, that he has abandoned his practice of signing the rent demand notices is inapposite since the critical inquiry is whether he regularly engaged in consumer debt collection activities (by signing rent demand notices) at the time the rent demand was served in this case — that is, in December 1997 — and not months later.

. In attempting to assess the effect of a débt collection communication on a debtor, the Second Circuit has adopted the “least-sophisticated-consumer standard”. (Russell v Equifax A.R.S., 74 F3d 30, 34 [2d Cir 1996].) Thus, in assessing the effect of a communication on a debtor, courts should assume that'the debtor is a least sophisticated consumer.

. The court notes that an expedited appeal from Romea v Heiberger & Assocs. (988 F Supp 712, supra) is currently pending before the Second Circuit, the court in Romea having certified an order for interlocutory appeal pursuant to 28 USC § 1292 (b). Should the ruling in Romea be modified in any way on appeal, this court would be inclined to revisit the issue decided herein on a motion to renew at the appropriate time.