OPINION OF THE COURT
Carl O. Callender, J.
One of the questions before the court relates to the statement in a rent demand notice that “any inquiries regarding this notice should be addressed in writing to the law offices of Scott D. Gross at 1983 Marcus Avenue, Suite C-136, Lake Suc *875 cess, NY 11042”. The issue is does such a statement make the notice subject to the Federal Fair Debt Collection Practices Act (15 USC § 1692 et seq.; hereinafter referred to as the FDCPA). If the notice becomes subject to the FDCPA the demand notice must give at least 30 days’ notice unlike the three days’ notice requirements of RPAPL 711.
The court notes that section 1692a (6) of the FDCPA makes activities of a creditor covered by the FDCPA if in trying to collect the debt the creditor “uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.” The notice in question directs the respondent to address all inquires to the petitioner’s attorneys.
The provision of such information certainly makes the respondent aware that the petitioner’s attorney is actively involved in the debt collection process. If that is not true, then the notice in question is also misleading the respondent. (See also, Goldstein v Hutton, Ingram, Yuzek, Gainen Carroll & Bertolotti, 39 F Supp 2d 394 [US Dist Ct, SD NY 1999]; Romea v Heiberger & Assocs., 163 F3d 111 [2d Cir 1998].)
The second question concerns whether the same notice is so misleading and deceptive that it fails to give clear and unequivocal notice of the amount due and the period for which the claim is made. A close reading of the rent demand notice makes it apparent that the demand fails to meet the requirements of RPAPL 711. (See, Kew Realty Co. v Charles, NYLJ, June 3, 1998, at 27, col 2 [App Term, 2d Dept].)
However, since the demand notice is subject to the FDCPA and violates its mandate, the petition must be dismissed. (See, Eina Realty v Calixte, 178 Misc 2d 80 [Civ Ct, Kings County]; Dearie v Hunter, 177 Misc 2d 525 [Civ Ct, NY County].) Accordingly, the petition is hereby dismissed.