OPINION OF THE COURT
Lucy Billings, J.
Defendant Nestor F. Mata Jr. has moved to dismiss this action for failure to state a claim. (CPLR 3211 [a] [7].) For the reasons explained below, the court denies defendant’s motion.
I. Background
Plaintiff’s complaint seeks to recover an unpaid credit card *97 debt based on claims for breach of contract and an account stated. Defendant Nestor F. Mata Jr. maintains that the action must be dismissed because plaintiffs attorney, functioning as a debt collector, failed to provide the debt verification defendant requested and was entitled to under the Federal Fair Debt Collection Practices Act (FDCPA). (15 USC § 1692 et seq.) While attorneys are subject to the FDCPA if they regularly function as debt collectors, defendant raises an issue of first impression: whether a debt collector’s compliance with the FDCPA is a prerequisite to the creditor’s action to recover the debt. (See Heintz v Jenkins, 514 US 291, 294 [1995]; Eina Realty v Calixte, 178 Misc 2d 80, 83, 86-87 [Civ Ct, Kings County 1998].)
II. Applicable Provisions of the FDCPA
The FDCPA was enacted to protect consumers by eliminating debt collectors’ abusive practices. (15 USC § 1692 [e]; Eina Realty v Calixte, 178 Misc 2d at 83; Romea v Heiberger & Assoc., 163 F3d 111, 118 [2d Cir 1998].) The FDCPA requires a debt collector to provide the consumer claimed to owe the debt written notice that if the consumer notifies the debt collector, in writing, within 30 days, that the consumer disputes all or part of the debt, the debt collector will mail verification of the debt to the consumer. (15 USC § 1692g [b].) Until the debt collector mails the verification to the consumer, the debt collector must cease collection of any disputed portion of the debt (id.).
These notice provisions do not apply where the creditor, rather than a debt collector, directly attempts to collect the debt. Only debt collectors are subject to the various restraints imposed by the FDCPA. (15 USC § 1692a [6]; Eina Realty v Calixte, 178 Misc 2d at 83, 85, 87; Maguire v Citicorp Retail Servs. Inc., 147 F3d 232, 235 [2d Cir 1998].)
III. Grounds for Dismissal
Defendant alleges that he requested verification of the claimed debt from plaintiff’s attorney, the debt collector, but never received the verification. Nor did the attorney debt collector cease attempts to collect the debt; instead, the attorney commenced this action to recover the debt. Based on these alleged violations of the FDCPA, defendant seeks dismissal of the action. (CPLR 3211 [a] [7].)
Plaintiff does not rebut defendant’s affidavit with an affidavit on personal knowledge or other evidence in admissible form. Upon defendant’s motion to dismiss under CPLR 3211 (a), however, the court must accept the complaint’s allegations as *98 true and draw all reasonable inferences in plaintiffs favor. (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998].) The court may consider evidence outside the allegations in the complaint, but only to support and expand on the complaint and to determine whether plaintiff raises any material issue of fact to sustain a cause of action, however “inartfully pleaded.” (Id. at 366; Davis v CCF Capital Corp., 277 AD2d 342, 343 [2d Dept 2000]; Pietrosanto v NYNEX Corp., 195 AD2d 843, 844 [3d Dept 1993]; see Magarian & Co. v Timberland Co., 245 AD2d 69 [1st Dept 1997].) The court may not rely on facts alleged in affidavits to defeat the complaint unless they establish the absence of any significant dispute regarding those facts and completely and conclusively negate the allegations in the complaint. (IMO Indus. v Anderson Kill & Olick, 267 AD2d 10, 11 [1st Dept 1999]; Mayerhoff v Timenides, 269 AD2d 369, 370 [2d Dept 2000].)
Plaintiffs failure to dispute defendant’s allegations is thus not a basis for granting his motion. (Hinrichs v Youssef, 214 AD2d 604, 605 [2d Dept 1995]; Pietrosanto v NYNEX Corp., 195 AD2d at 844.) Even if the court accepts defendant’s allegations as undisputed, however, they do not undermine plaintiff creditor’s complaint.
The FDCPA applies only to debt collectors and specifically exempts creditors themselves from the statute’s requirements. Plaintiff is not a debt collector in this action, but the creditor maintaining the action in the creditor’s own name, and therefore not subject to the FDCPA’s requirements. (15 USC § 1692a [6]; United Cos. Lending Corp. v Candela, 292 AD2d 800, 801 [4th Dept 2002]; Eina Realty v Calixte, 178 Misc 2d at 83, 85, 87; Maguire v Citicorp Retail Servs., 147 F3d at 235.) The attorney collecting the debt plaintiff seeks to recover is not a party to this action. Defendant’s allegations as to violations of the FDCPA may set forth a claim against the attorney, but those violations are not a defense against the creditor’s action to recover the debt. (15 USC § 1692k; see United Cos. Lending Corp. v Candela, 292 AD2d at 801; Dearie v Hunter, 183 Misc 2d 336, 337 [App Term, 1st Dept 2000]; Arrey v Beaux Arts II, LLC, 101 F Supp 2d 225, 227 [SD NY 2000].)
IV. Conclusion
Therefore the court denies defendant’s motion to dismiss plaintiffs complaint (CPLR 3211 [a] [7]), without prejudice to an action by defendant for damages pursuant to the FDCPA.