■ JOSEPHINE CAPUTO et al., Appellants, v MICHAEL R. KOENIG, Respondent. [46 NYS3d 880]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 19, 2015, which, insofar as appealed from as limited by the briefs, dismissed plaintiffs' claim based on the Fair Debt Collection Practices Act (FDCPA) (15 USC § 1692 *et seq.*), without prejudice, on the ground that the court lacked subject matter jurisdiction over the federal claims, and dismissed all claims by plaintiff Charlene Owens, on the ground of res judicata, unanimously reversed, on the law, without costs, and the FDCPA claim and the claims by plaintiff Owens reinstated.

Given the presumption of concurrent state court jurisdiction over federal claims (*Simpson Elec. Corp. v Leucadia, Inc.*, 72 NY2d 450, 455 [1988]), the FDCPA's expansive expression of jurisdiction to include not only the Federal District courts, but "any other court of competent jurisdiction" (15 USC § 1692k [d]), and the lack of any explicit statutory directive to the contrary, an unmistakable implication from legislative history, or clear incompatibility between State court jurisdiction and Federal interests (*see Simpson Elec. Corp.*, 72 NY2d at 455), the court improperly dismissed plaintiffs' FDCPA claim.

The court also improperly dismissed all of the claims by Charlene Owens on the ground of res judicata, due to a settlement in a prior case. Owens could not have raised the FDCPA as a counterclaim in the prior case because the plaintiff in that case was the creditor seeking to collect the rent due it, to which the FDCPA is not applicable (*see Monogram Credit Card Bank of Ga. v Mata*, 195 Misc 2d 96, 97 [Civ Ct, NY County 2002]). Nor is there an identity of parties from the prior case, as the creditor in that case is not a party to this case, and defendant in this case was not a party in that case (*see Matter of Hunter*, 4 NY3d 260, 269 [2005]; *All Terrain Props. v Hoy*, 265 AD2d 87, 92 [1st Dept 2000]).

Defendant's request for summary judgment is not properly before us, as he did not appeal from the order (*see Hecht v City of New York*, 60 NY2d 57, 61, 63 [1983]). Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ. ▇▇▇▇▇▇