**Fred ALSTON, As a Trustee of the Local 272 Labor–Management Pension Fund, and as a Trustee of the Local 272 Welfare Fund, Plaintiff,**

v.

**KAY EAST PARKING CORPORATION, Defendant.**

No. 95 Civ. 0962 (JES).

United States District Court, S.D. New York.

Dec. 22, 1997.

**719**

Jeffrey S. Dubin, Garden City, NY, for plaintiff.

Davis & Gilbert, New York City, for defendant; Gregg A. Gilman, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, Judge.

Pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185, plaintiff Fred Alston, the trustee of the Local 272 Labor Management Pension Fund and the Local 272 Welfare Fund (collectively "the Funds"), brings the instant action against defendant Kay East 70th Street Corporation ("Kay East") seeking to collect over $11,000 in alleged delinquent pension fund contributions. Pursuant to Fed.R.Civ .P. 56(c), the parties bring cross-motions for summary judgment. For the reasons that follow, the Funds' motion is denied, and Kay East's motion is granted.

## BACKGROUND

Defendant Kay East is a small family-owned corporation that owns and operates a garage located at 10 East 70th Street, New York. *See* Affidavit of Ronald Bernabo Sworn to August 30, 1995 ("Bernabo Aff.") ¶ 2. In 1963, Kay East joined the Metropolitan Garage Owners Association, Inc. ("the Association"), a multi-employer association that collectively bargains with the Garage Employees Union Local No. 272, which is affiliated with the International Brotherhood of Teamsters ("Local 272"). *See* Bernabo Aff. ¶ 6; Affidavit of Marc Goodman Sworn to June 8, 1995 ("Goodman Aff.") ¶ 10.

The latest collective bargaining agreement ("CBA") between the Association and Local 272 provides for contributions to the Funds for each hour worked by participants who are employed by Association members. *See* Goodman Aff. ¶ 12. Periodic audits of all employers are conducted to ensure that the Funds receive the contributions to which they are entitled. *Id.* ¶ 14. Accordingly, an audit of Kay East for the period from February 1, 1989, through December 31, 1993, showed that Kay East owed $11,274.48 in unpaid contributions. *Id.* ¶¶ 14–15.

Kay East states that it (1) never authorized the Association to negotiate or enter into a CBA on its behalf; (2) was never informed that the Association would negotiate a CBA on its behalf; (3) has never received a copy of the Association's by-laws or the CBA between Local .272 and the Association; (4) has never applied the terms and conditions of employment contained in the CBA; (5) has never remitted contributions, dues, initiation fees, or any other monies allegedly required by the CBA; (6) has never received any correspondence from the Union; (7) and first learned that it was purportedly bound by the CBA in early 1994, when the Funds requested access for its auditors to examine Kay East's books. See Bernabo Aff. ¶¶ 5–10.

Kay East further maintains that it joined the Association for the express purpose of receiving information about industry regulations, insurance, taxation, safety, and licensing. *See* Bernabo Aff. ¶ 6. In addition, Kay East states that its owner and his wife re-

ceived medical insurance through the Association and that the Association once represented Kay East during a dispute before the Department of Consumer Affairs. *Id.*

Pursuant to Fed.R.Civ.P. 56, the Funds move for summary judgment arguing that Kay East is bound by the collective bargaining agreement with Local 272 by virtue of its membership in the Association and is therefore required to make contributions to the Funds until Kay East makes a timely withdrawal from the Association. Kay East cross-moves for summary judgment arguing that: (1) it has no obligation to contribute to the Funds because mere membership in a multi-employer association is insufficient to bind an employer to the terms of a CBA; (2) any contract between Kay East and the Union would be unenforceable; and (3) Kay East never had more than one permanent employee and is therefore not obligated to make contributions. Kay East argues further that the Funds are not entitled to summary judgment because the amount of the alleged liability is in dispute. Kay East also seeks attorneys fees in defending the action.

## DISCUSSION

Pursuant to Fed.R.Civ.P. 56(c), summary judgment in favor of the moving party is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). In considering a moving party's motion for summary judgment, the Court views all facts and construes all rational inferences derived therefrom in the light most favorable to the non-moving party. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

In *Trustees of UIU Health and Welfare Fund v. New York Flame Proofing Co.,* 828 F.2d 79 (2d Cir.1987), the Second Circuit

addressed the question of whether an employer is bound by a multi-employer collective bargaining agreement. The court held:

> Mere membership in an employers' association, without more, does not necessarily evidence an unequivocal intention to be bound by the collective agreements it negotiates. *See, e.g., Komatz,* 458 F.2d at 322. However, if the 'principal, if not virtually sole activity' of an association is to negotiate collective bargaining agreements on behalf of its members and if the long-standing, universally observed and universally known custom is that members are bound by such agreements, acquiring membership in that organization does constitute an unequivocal statement as to its actual authority to bind the new member.

*New York Flame Proofing Co.,* 828 F.2d at 83.

In the instant action, the Association performs functions beyond negotiating collective bargaining agreements, in that it acts as a center for distributing information related to the industry, provides a means by which members may obtain health insurance, and represents members in disputes before the Department of Consumer Affairs. *See* Bernabo Aff. ¶ 6. Moreover, Kay East states that it never received a copy of the Association's by-laws and never received a copy of the CBA. *Id.* ¶¶ 5–10. These facts are uncontroverted. It follows that Kay East's membership in the Association is insufficient to form a basis upon which a rational inference could be drawn that it agreed to be bound by the terms of the CBA.

The Funds argue that the affidavit setting forth the aforesaid facts is not sufficient to entitle Kay East to summary judgment because it is sworn to by its president, an interested sole owner. However, as noted above, the Funds have presented no evidence to contradict the facts presented in Kay East's President's affidavit. That being so, the Court must conclude that the Funds have no evidence, beyond Kay East's membership in the Association, to support their claim for delinquent contributions.[1] Such proof is a

---

1. Kay East requested attorneys' fees together with its motion for summary judgment. At a

Pre–Trial Conference held on January 12, 1996, the Court advised the parties that $4,500 would

721

legally insufficient basis upon which Kay East may be bound by the CBA. *See New York Flame Proofing Co., supra.*

## CONCLUSION

For the reasons set forth above, the Funds' motion for summary judgment is denied, and Kay East's motion for summary judgment is granted. The Clerk of the Court is directed to enter judgment accordingly and close the above-captioned action.

It is **SO ORDERED.**

be an appropriate sum to resolve that issue. Since no formal separate motion has been filed by Kay East, the Court assumes that the parties settled the matter and that Kay East's request is moot.