**Jennifer Lynn ROMEA, Plaintiff,**

v.

**HEIBERGER & ASSOCIATES,
Defendant.**

**No. 97 Civ. 4681 LAK.**

United States District Court,
S.D. New York.

Jan. 27, 1998.

---

17. 53 Fed.Reg. 50, 097, 50, 100 (1988).

18. 514 U.S. at 298, 115 S.Ct. at 1492–93.

19. *Id.*

**716**

Colleen F. McGuire, New York, NY, for Plaintiff.

Janice J. DiGennaro, Rivkin, Radler & Kremer, Uniondale, NY, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff asserts that the defendant law firm violated the Fair Debt Collection Practices Act [1] ("FDCPA") because the three day notice it served on behalf of its landlord client as a statutory precondition to the commencement of a New York summary dispossess proceeding for non-payment of rent was subject to the Act because it was a "communication" relating to a "debt" and failed to conform to the Act in a number of respects. The Court recently denied defendant's motion to dismiss the complaint, holding that unpaid rent is a "debt" and the notice a "communication" relating thereto under the Act.[2] Defendant now moves to certify the Court's ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff does not oppose the motion.

Section 1292(b) provides that a district judge may certify an order for interlocutory appeal if the judge (1) is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." These requirements are amply satisfied here.

As this Court's opinion demonstrates, there is a conflict among the circuits as to whether an obligation must involve the deferral of payment in order to constitute a "debt" within the meaning of the Act, an issue on which our Circuit has not spoken.[3] As rent typically is payable in advance, it is arguable that the obligation to pay rent is not one involving deferral of payment. In consequence, this complaint quite possibly would be insufficient as a matter of law if the Second Circuit were to align itself with the Third as opposed to the Seventh and Eleventh. Hence, the question whether the obligation to pay rent which was the subject of the three day notice in this case was a "debt" within the meaning of the FDCPA is a controlling question of law as to which there is substantial ground for difference of opinion.

---

1. 15 U.S.C. § 1692 *et seq.*

2. *Romea v. Heiberger & Associates*, 988 F.Supp. 712 (S.D.N.Y.1997).

3. *Compare Brown v. Budget Rent–A–Car Systems, Inc.*, 119 F.3d 922, 924 (11th Cir.1997) (no deferral required); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir.1997) (same); and *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1327 (7th Cir.1997) (same), *with Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168–69 (3d Cir.1987) (deferral required).

So too is the issue whether the three day notice was a "communication" relating to a debt. As the Court's opinion makes clear, the Federal Trade Commission staff has taken the position that a notice "required by law as a prerequisite to enforcing a contractual obligation between creditor and debtor, by judicial or nonjudicial legal process" is not a "communication" with the meaning of the FDCPA. Here, there is no doubt at all that the three day notice at issue was required by Section 711 of the New York Real Property Actions and Procedure Law as a prerequisite to the institution of a summary proceeding for nonpayment of rent.[4] Accordingly, were the Circuit to adopt the FTC staff's view, the complaint would have to be dismissed. While this Court believes that *Heintz v. Jenkins*[5] and the statutory language foreclose adoption of the staff's position, reasonable minds perhaps could differ on that controlling question.

An immediate appeal from the order denying defendant's motion to dismiss could materially advance the ultimate termination of this litigation. Although the opinion denying the motion to dismiss well may dictate the ultimate result as to liability, there are at least two other significant matters that remain prior to the entry of final judgment. First, plaintiff seeks to maintain this case as a class action, the propriety of which is hotly disputed by the defendant. Second, if a class were certified, the class would be entitled to the actual damages of class members plus an amount fixed in the discretion of the Court not to exceed the lesser of $500,000 or 1 per cent of the net worth of the defendant.[6] As the proceedings with respect to these issues could be time consuming, the Court has no hesitation in concluding that an immediate appeal could advance the conclusion of this litigation materially.

This Court recognizes, of course, that interlocutory orders are not to be certified routinely, even where the standards set forth in Section 1292(b) are met.[7] But this case involves a question of broad applicability that is of considerable importance to the bench and bar in the State of New York. It is this consideration that strongly underscores this Court's conclusion that its ruling as appropriate for interlocutory review.

There is an enormous volume of litigation in this City and State based on claims of nonpayment of rent.[8] In each of those cases, a notice complying with RPAPL § 711 must be served. In many, quite likely most, of those cases, the notice is prepared and served by the landlord's attorney as part of the services rendered in handling the proceeding. The effect of this Court's ruling is to require a sea change in the practice as well as to open the door to a flood of federal court suits against lawyers under the FDCPA with respect to three day notices served by them within the period that remains open under the statute of limitations. Both of these consequences will have untoward effects.

The requisite change in landlord-tenant practice will be substantial.[9] Lawyers who regularly serve three day notices, and who therefore may be treated as debt collectors under the FDCPA, could continue to do so free of liability only if they afford 30 days

---

4. Section 711, however, does not require that the notice be served three days before commencement of the proceeding. It requires only that it be served *at least* three days in advance. Hence, it is entirely possible to comply with the 30 day provision of the FDCPA and Section 711, although doing so would radically alter New York landlord-tenant practice in cases in which the notice is served by the landlord's attorney.

5. 514 U.S. 291, 298, 115 S.Ct. 1489, 1492–93, 131 L.Ed.2d 395 (1995).

6. 15 U.S.C. § 1692k(a).

7. *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir.1996) (interlocutory appeal "rare exception to the final judgment rule");

*Trinidad v. American Airlines, Inc.*, 932 F.Supp. 521, 528 (S.D.N.Y.1996).

8. In 1996, over 318,000 summary landlord-tenant proceedings were filed in the New York City Civil Court. DiGennaro Aff. Ex. A, at 2. While this figure includes proceedings based on grounds other than non-payment of rent and non-payment cases involving commercial tenants, neither of which is affected by the FDCPA, it is safe to say that the decision in this case probably affects substantially over 100,000 cases annually in New York City alone.

9. *See generally* DiGennaro Aff. Exs. B, D, E.

notice rather than the three required by state law and otherwise comply with the federal statute. The alternative would be for their landlord clients either to use lawyers who do not serve many three day notices or to serve the notices themselves. Either of these options would permit service of three day notices because neither the lawyers occasionally serving such notices nor the landlords themselves are "debt collectors" subject to the statute.[10]

Still another concern underscores the importance of prompt appellate review. Given the level of contention that frequently characterizes landlord-tenant relationships in New York City, it is not surprising that attorneys representing tenants in non-payment proceedings evidently are seeking to use alleged violations of FDCPA based on this Court's decision to seek dismissal of otherwise meritorious petitions on the ground that the three-day notices did not comply with the federal statute. Indeed, counsel for the plaintiff in this case has issued such a call to arms in a Web site posting that concludes with the peroration:

> "Housing is a human right, not a commodity to bargain over. Tenants, tenant advocates and tenant attorneys must fight back against this feudal era inherited system called rent by any legal means necessary. The Romea decision gives us a big rock to throw in Goliath's face. Let the monkeywrenchers storm the barricades!"[11]

It of course will be for the state courts, at least in the first instance, to determine whether a violation of the FDCPA in an attorney-signed three day notice is a defense to a non-payment proceeding.[12] In view of the impact of this Court's ruling on the state courts, however, it is desirable that the issue whether the FDCPA applies to three day notices signed by attorneys who do so as a regular practice be settled for the Circuit as a whole.

10. See 15 U.S.C. §§ 1692a(6), 1692e(5), 1692(e)(11), 1692g.

11. DiGennaro Aff. Ex. B, at 6.

12. In view of the Supreme Court's holding that violation of the federal antitrust laws is not a defense to an action to recover the agreed price

Rental housing is extremely important in this State. It is critical that those concerned with the resolution of disputes concerning such housing—tenants, landlords, and their attorneys—have as much certainty as possible concerning the mechanisms by which those disputes are resolved. In consequence, it is this Court's view that a speedy determination of the status of three day notices under the FDCPA, whatever that resolution may be, is in the public interest.

Accordingly, this Court has determined that its memorandum decision of December 23, 1997 involves controlling questions of law outlined above as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

SO ORDERED.

for goods sold and delivered except in the rarest of circumstances, e.g., Kelly v. Kosuga, 358 U.S. 516, 518, 79 S.Ct. 429, 430–31, 3 L.Ed.2d 475 (1959), Bruce's Juices v. Am. Can Co., 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219 (1947), such a result apparently would be unlikely.