OPINION OF THE COURT
Per Curiam.
Order dated July 1, 1998 modified by reversing so much thereof as granted tenant’s motion to dismiss the nonpayment petition, the petition is reinstated, and the proceeding is remanded to the Civil Court for trial in accordance with this decision; as modified, order affirmed, without costs.
We do not disturb Civil Court’s exercise of discretion insofar as it vacated the stipulations executed by the pro se tenant and permitted him to defend the nonpayment proceeding on the merits. Tenant has made a prima facie showing of a defense under section 143-b (5) of the Social Services Law warranting a trial.
The court erred, however, in dismissing the petition on the ground that the three-day rent demand by petitioner’s attorney “failed to comply” with the Fair Debt Collection Practices Act (15 USC § 1692 et seq. [FDCPA]), and was therefore “ineffective as a jurisdictional predicate” to the commencement of the proceeding. Assuming in tenant’s favor that the attorney-signed three-day notice served under RPAPL 711 (2) falls within the purview of the FDCPA (Romea v Heiberger & Assocs., 988 F Supp 715 [SD NY 1998], affd 163 F3d 111 [2d Cir 1998]), the FDCPA does not provide for or compel dismissal of State court special proceedings commenced by landlords because of alleged unauthorized “debt collection” practices by their agents or attorneys (Wilson Han Assn. v Arthur, NYLJ, July 6, 1999, at 29, col 4 [App Term, 2d Dept]; Barstow Rd. Owners v Billing, 179 Misc 2d 958, 966-967; see, Romea v Heiberger & Assocs., supra, at 718, n 12; cf., 15 USC § 1692k [civil action against “debt collectors” who fail to comply with *338 the FDCPA]). No other infirmity in the rent demand having been urged or demonstrated, the petition is reinstated.
Parness, P. J., Freedman and Davis, JJ., concur.