**Clifford A. ARREY, Petitioner,**

v.

**BEAUX ARTS II, LLC, Respondent.**

**No. 00 CIV. 4426(LAK).**

United States District Court,
S.D. New York.

June 21, 2000.

---

**2.** More would be inappropriate. *See Jordache Enter., Inc. v. Global Union Bank*, 688 F.Supp. 939, 943–44 (S.D.N.Y.1988).

**226**

Clifford A. Arrey, Petitioner Pro Se.

## MEMORANDUM OPINION

KAPLAN, District Judge.

In *Romea v. Heiberger & Associates*, this Court, in a decision affirmed by the Circuit, held that a three day notice sent by an attorney debt collector to a tenant as a prerequisite to the commencement of a New York State proceeding to evict the tenant for nonpayment of rent is a communication to collect a debt within the meaning of the Fair Debt Collection Practices Act[1] ("Act") and thus may subject the attorney to suit by the tenant if the notice fails to comply with the Act.[2] The Court anticipated, however, that this ruling would be used by tenants in efforts to derail or delay nonpayment proceedings despite the dubious merit of any contention that a violation of the Act would constitute a defense in such a matter.[3] Indeed, the state courts subsequently have ruled that violations of the Act in connection with three day notices are not defenses to nonpayment proceedings.[4] Petitioner nevertheless has sought to block the progress of a state court nonpayment proceeding brought against him by his landlord by removing the proceeding to this Court. This effort must fail.

### Facts

Petitioner is the respondent in a summary proceeding for nonpayment of rent brought by respondent in the Civil Court of the City of New York, County of New York, Housing Part, by his landlord, Beaux Arts II, LLC. On June 15, 2000, petitioner filed a notice of removal and a so-called "petition of notice of removal" in this Court. He claims a right to remove pursuant to Sections 1331 and 1441(a) of the Judicial Code[5] on the theory that the three day notice, although signed by his landlord rather than an attorney debt collector, violated the Act because the attorney who drafted the notice was a debt collector.[6]

### Discussion

■ A federal court is one of limited jurisdiction, and it is obliged to inquire into its jurisdiction *sua sponte* whenever it

---

1. 15 U.S.C. § 1692 *et seq.*

2. 988 F.Supp. 712 (S.D.N.Y.1997), *appeal certified,* 988 F.Supp. 715 (S.D.N.Y.1998), *aff'd,* 163 F.3d 111 (2d Cir.1998).

3. 988 F.Supp. 718 n. 12.

4. *E.g., Dearie v. Hunter,* 183 M.2d 336, 705 N.Y.S.2d 519, 520 (App. T. 1st Dept.2000).

5. 28 U.S.C. §§ 1331, 1441.

6. At least one state court already has rejected precisely this contention in another case. *Missionary Sisters of Sacred Heart, Inc. v. Dowling,* 182 M.2d 1009, 703 N.Y.S.2d 362 (1999).

appears that it may lack power to hear and determine a case before it.[7] This is precisely such a case.

Section 1441(a) permits the removal of a state court action by the defendant if the action is one "of which the district courts of the United States have original jurisdiction." Section 1331, upon which petitioner relies, confers upon the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, the state court nonpayment proceeding was removed to this Court properly only if this is an action arising under the Act, the only federal statute upon which petitioner relies.

■ An action "arises under" a federal statute only if the plaintiff will prevail on one construction of the statute and fail on another.[8] Moreover, it long has been clear that the basis for federal jurisdiction must appear on the face of the complaint.[9] The assertion of a federal claim by way of defense to a state court action affords no basis for removal.[10]

■ Here, the petition in the nonpayment proceeding raises no federal claim. In consequence, the action was removed improperly. Indeed, both the removal and the contention that the alleged violation of the Act constitutes a defense to the nonpayment proceeding are utterly frivolous. In view of the fact that petitioner is proceeding *pro se*, the Court will not impose sanctions. The Bar, however, should be aware that sanctions may be imposed for any similar removals.

*Conclusion*

The action is remanded to the New York City Civil Court, New York County, Housing Part.

SO ORDERED.

---

7. *See Hoffman v. Empire Blue Cross and Blue Shield,* No. 96 Civ. 5448(BSJ), 1999 WL 782518 (S.D.N.Y. Sept.30, 1999); *see also Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

8. *See Levitt v. FBI,* 70 F.Supp.2d 346, 348 (citing *Osborn v. Bank of United States,* 22 U.S. (9 Wheat.) 738, 822, 6 L.Ed. 204 (1824)).

9. *E.g., Met, Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987);

*Louisville and N.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Fleet Bank, N.A. v. Burke,* 160 F.3d 883, 885–86 (2d Cir.1998), *cert. denied,* 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999); *Marcus v. AT&T Co.,* 138 F.3d 46, 52 (2d Cir.1998).

10. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392–93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).