AUSCAPE INTERNATIONAL,
et al., Plaintiffs,

v.

NATIONAL GEOGRAPHIC SOCIETY,
et al., Defendants.

No. 02 Civ.6441(LAK).

United States District Court,
S.D. New York.

Jan. 21, 2004.

Surjit P. Soni, The Soni Law Firm, Stephen A. Weingrad, Weingrad & Weingrad, LLP, for Plaintiffs.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiffs move to certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), this Court's order, dated January 5, 2004, which denied their motion to recuse the undersigned for substantially the same reasons as the virtually identical motion in *Faulkner v. National Geographic Society,* 296 F.Supp.2d 488 (S.D.N.Y. 2003), familiarity with which is assumed.

■ The relevant statute permits certification where the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* Nevertheless, certification should not routinely be granted even where the statutory prerequisites are satisfied.[1] In this case, it appears to the Court that neither prerequisite is satisfied and, even if they were, that this would not be an appropriate case for certification.

Plaintiffs seek certification to address several issues: whether (1) the late Judge A. Leon Higginbotham has been a "material witness" in this case within the meaning of 28 U.S.C. § 455(b)(2) notwithstanding that he is deceased and never gave any testimony, affidavit or declaration regarding this case prior to his death, (2) the representation, prior to August 22, 1994,

1. *E.g., Romea v. Heiberger & Associates,* 988 F.Supp. 715, 717 (S.D.N.Y.1998).

by the undersigned of Sterling Drug, Inc., a pharmaceutical subsidiary of Eastman Kodak Co., in a trademark litigation relating to the use of the word "Bayer" requires disqualification in this case under the same statute on the theory that the undersigned represented a "party" to this action in "the matter in controversy" here; (3) even if the foregoing circumstances do not require disqualification under Section 455(b)(2), they so require under Section 455(a); (4) the Court has manifested such bias against plaintiffs' local counsel in this action, Stephen Weingrad, Esq., as to require disqualification under 28 U.S.C. § 455(a); and (5) even if none of the foregoing circumstances requires disqualification, the combination so requires.

As previously noted, plaintiffs waived these points by failing to make a timely motion, instead awaiting a ruling on the summary judgment motions in *Faulkner* before seeking relief. Their papers do not address the waiver issue, which poses no controlling question of law "as to which there is substantial ground for difference of opinion." Even if plaintiffs' arguments had not all been waived, however, the Court would not regard any of the other issues plaintiffs rely upon as one "as to which there is substantial ground for difference of opinion."

[blacked out] The late Judge Higginbotham has not testified in this case, in light of his death cannot testify in this case, and therefore is not a witness within the meaning of the statute. Even if he were a "witness" within the meaning of the statute notwithstanding his death and the lack of any prior testimony, there has been no showing that he is or was a "material" witness.[2] By no stretch of the imagination can the prior representation of Sterling Drug in the *Bayer* litigation[3] be deemed "the matter in controversy" here. There is no substantial basis for the claim of bias against Mr. Weingrad, much less his clients, for the reasons previously stated. Moreover, in view of the fact that his role in this case as local counsel, which has been no more than minimal, has been so small, there is even less cause for concern here than in *Faulkner*.[4] The Supreme Court already has held that disqualification for a relationship or circumstance addressed in 28 U.S.C. § 455(b) is not required under Section 455(a). In other words, to the extent that Sections 455(a) and (b) overlap, Section 455(a) will not be read to expand Section 455(b) to the extent

2. In this regard, plaintiffs' memorandum makes a number of comments suggesting that Judge Higginbotham had some meaningful role with respect to matters at issue here. For example, at one point they assert that "he was involved in the decision making regarding the Complete National Geographic products." Pl. Mem. 1. At another, they assert that Judge Higginbotham gave legal advice to the National Geographic Society and that he "was *likely* a witness to the discussions and decisions which led up to some if not all of [the] licenses" relating to products other than *The Complete National Geographic*. *Id.* at 6 (emphasis added). But they submit no evidence and provide no record references to support any of these contentions.

The only evidence submitted by of the plaintiffs in any of these cases concerning Judge Higginbotham that has come to the Court's attention are minutes of a 1997 board of trustees meeting, which of course occurred years after the professional association between him and the undersigned ended. The minutes relate only that Judge Higginbotham, a member of the board of trustees, inquired whether the Society had obtained the advice of independent counsel, and expressed concern about liability exposure, with respect to *The Complete National Geographic*. (These are summarized in plaintiffs' motion for recusal, docket item 300, at 5.)

3. *See Sterling Drug, Inc. v. Bayer AG,* 14 F.3d 733 (2d Cir.1994).

4. The *de minimis* nature of Mr. Weingrad's role is exemplified by the fact that his name does not even appear on plaintiffs' motion for certification.

that Section 455(b) specifically addresses an issue.[5] For reasons already explained, the combination of bases relied upon by plaintiffs is no stronger in the aggregate than each considered individually. Accordingly, plaintiffs' motion would present no controlling question of law as to which there is substantial ground for difference of opinion even if the waiver were disregarded.

■ Nor would an interlocutory appeal here be likely materially to advance the ultimate termination of the litigation. The principal (although not all of the) issues presented by this case, including the recusal issue, are substantially common to it and to *Faulkner*. Direct appeals already are pending in some of the cases decided under the *Faulkner* caption. The disposition of those issues on the direct appeals are likely to be dispositive of the identical and similar issues here. An interlocutory appeal in this case would accelerate nothing.

The same considerations would lead the Court to deny certification even if there were a controlling issue of law on which there is substantial ground for difference of opinion and even if an immediate appeal would advance the ultimate disposition of *this* lawsuit. The Court of Appeals will resolve the issues plaintiffs tender in deciding the *Faulkner* appeals. There simply is no practical need for an interlocutory appeal in this case, which would serve only to burden the Court of Appeals further for no good reason.

Accordingly, the plaintiffs' motion for certification under 28 U.S.C. § 1292(b) is denied.

SO ORDERED.

---

**5.** *Liteky v. United States,* 510 U.S. 540, 552– 53, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).