*Sambel Properties, LLC v. Baker*, No. 720-11-15 Wncv (Tomasi, J., Jan. 19, 2016)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Washington Unit | Docket No. 720-11-15 Wncv |

| | |
|---|---|
| Sambel Properties, LLC, <br>     Plaintiff <br><br>     v. <br><br> Elizabeth Baker, <br>     Defendant | |

Opinion and Order on Defendant's Motion to Dismiss

Defendant has moved to dismiss this action alleging that the notice of termination sent by Plaintiff's attorney did not comport with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (FDCPA).  The Court considered the submissions and arguments of the parties and made a ruling on the record denying the motion.  The Court concluded that, even assuming that the FDCPA applies to notices of termination sent by a landlord's counsel to a tenant,[1] the failure to follow the FDCPA provisions cannot provide a basis for dismissal of a landlord-tenant action brought under Title 9 and 12 of the Vermont Statutes Annotated.  The Court's oral determination was based on the following considerations.

First, the FDCPA has a specific remedy provision that permits only monetary damages.  15 U.S.C. § 1692k.  The Court believes the exclusive remedy available to Defendant for her claim is an affirmative action asserting a violation of the FDCPA against the purported debt collector.  *Accord Barstow Rd. Owners, Inc. v. Billing*, 687 N.Y.S.2d 845, 852 (Dist. Ct. 1998).

Second, though there are decisions going the other way, the Court believes the better reasoned opinions from other states have specifically held that a violation of the FDCPA cannot be used as a defense in an eviction action.  *Dearie v. Hunter*, 705 N.Y.S.2d 519, 520 (App. Term 2000); *Missionary Sisters of Sacred Heart, Inc. v. Dowling*, 703 N.Y.S.2d 362, 367-68 (Civ. Ct. 1999); *Karron v. Karron*, 981 N.Y.S.2d 636, 2013 WL 56769672013, at *2  (Dist. Ct. 2013); *see also* Kara B. Schissler, Note, *Come and Knock on Our Door: The Fair Debt Collection Practices Act's Intrusion into New York's Summary Proceedings Law*, 22 Cardozo L. Rev. 315, 347-50 (2000) (arguing that FDCPA cannot rightly be used as a defense in an eviction case).

Third, the principal decision relied upon by Defendant in support of her position was *Romea v. Heiberger & Associates*, 163 F.3d 111 (2d Cir. 1998), which

---

[1] There are few appellate cases on point and, while most conclude that the FDCPA is applicable in this context, at least one has found to the contrary.  *Wilson Han Association, Inc. v. Arthur*, N.Y.L.J., 7/6/99, p. 29, col. 4 (App. Term, 2d and 11th Jud. Dists. 1999).

involved a direct action against a law firm under the FDCPA. The lower court in that proceeding noted that it was "unlikely" that its determination that landlords' attorneys are subject to the FDCPA could be used as a defense in a landlord-tenant proceeding. *See Romea v. Heiberger & Associates*, 988 F. Supp. 715, 718 n.12 (S.D.N.Y. 1998); *see also Arrey v. Beaux Arts II, LLC*, 101 F. Supp. 2d 225, 226 (S.D.N.Y. 2000) (noting "dubious merit of any contention that a violation of the [FDCPA] would constitute a defense in [an eviction] matter").

Fourth, the result is consistent with decisions finding that a violation of federal anti-trust laws does not act as a defense to actions to recover goods, *id.*, and with decisions finding that violations of the FDCPA do not amount to legal defenses in state foreclosure actions, *see Washington Mut. Bank v. Delbuono*, No. CV030081479S, 2003 WL 21958417, at *4 (Conn. Super. Ct. July 29, 2003).

Based on those considerations, the Motion to Dismiss is denied.[2]

Electronically signed on January 19, 2016 at 11:11 AM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

[2] Even if the FDCPA could be asserted as a defense in this case, it would only have relevance to Plaintiff's claim for the "debt" of back rent. It would not bar an action for possession. Accordingly, a motion seeking dismissal of the entire case would be inappropriate. *Accord Barstow Rd. Owners, Inc.*, 687 N.Y.S.2d at 852.